UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO TRUCK DRIVERS, HELPERS AND )
WAREHOUSE UNION (INDEPENDENT) )
PENSION FUND, a Trust, and JACK )
STEWART, its Fund Manager and one of its )
Trustees, )
)
                 Plaintiffs, )
    v. )
)
D.M.S. TRUCKING, INC., an Illinois )
Corporation, )
)
                 Defendant. )

Case No. 07 CV 4750
Judge Dow

## PLAINTIFFS' MOTION FOR JUDGMENT

Plaintiffs CHICAGO TRUCK DRIVERS, HELPERS, AND WAREHOUSE WORKERS UNION (INDEPENDENT) PENSION FUND and JACK STEWART, Trustee (collectively "Fund"), through counsel, having previously moved for summary judgment under Fed.R.Civ.P. 56 against Defendant D.M.S. TRUCKING, INC ("D.M.S."), hereby move for judgment to be entered in the Fund's favor pursuant to Fed.R.Civ.P. 56(e)(2). In support of this motion Plaintiffs state the following:

1. Plaintiffs' filed a motion for summary judgment with all required supporting documents on February 22, 2008.

2. The Court set a briefing schedule requiring Defendant's response by March 20, 2008.

3. Defendant failed to provide a timely response to Plaintiff's motion for summary judgment.

4. On at least four occasions prior to Plaintiff filing its motion for summary judgment, Defendant unequivocally expressed its intent not to defend against a judgment being entered in favor of the Fund. *See:*

   a. Exhibit A: Transcript of Status Hearing before Judge Gottschall on December 5, 2007 at 9:30 a.m., p. 2, lines 9 – 21.;

   b. Exhibit B: Transcript of Status Hearing before Judge Dow on January 8, 2008 at 2:45 p.m., p. 2, lines 10 – 25, p. 3, lines 10 – 25.;

   c. Exhibit C: Defendant's Notice of Intention Not to Defend or Contest Potential Motion for Default Judgment [R. Doc. No. 21];

   d. Exhibit D: Email response from Defendant's attorney regarding intent not to respond to Plaintiff's motion for summary judgment.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter summary judgment in their favor and against Defendant for the amount of the withdrawal liability assessment due and owing in accordance with the statute, together with additional amounts for interest, an amount equal to the greater of interest or statutory liquidated damages, and attorney's fees and costs pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2). Should the Court enter summary judgment in Plaintiffs' favor, Plaintiffs request 90 days from the date of the Court's summary judgment order to establish these additional amounts by declaration/affidavit for the entry of a final money judgment.

Respectfully submitted,

/s/ M. Garrett Hohimer
M. Garrett Hohimer
*Attorney for Plaintiffs*

Thomas Angell
William W. Leathem
M. Garrett Hohimer
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Ave., Suite 1720
Chicago, IL 60603
(312) 327-3461

## CERTIFICATE OF SERVICE

I certify that on March 27, 2008, I electronically filed the foregoing **Plaintiffs' Motion for Judgment** with the Clerk of the court using the CM/ECF system which sent notification of such filing to the following counsel of record:

**Christopher P. Lyons**
Peters & Lyons, Ltd.
7035 Veterans Blvd.
Burr Ridge, IL 60527
630.887.6902

/s/ M. Garrett Hohimer
M. Garrett Hohimer

# Exhibit A

```
 1              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3   CHICAGO TRUCK DRIVERS, HELPERS   )
     AND WAREHOUSE UNION (INDEPENDENT))
 4   PENSION FUND,                    )
                                      )
 5              Plaintiff,            )
                                      )
 6        -vs-                        )  No. 07 C 4750
                                      )
 7   D.M.S. TRUCKING, INC.            )  Chicago, Illinois
                                      )  December 5, 2007
 8              Defendants.           )  9:30 a.m.

 9
                     TRANSCRIPT OF PROCEEDINGS
10             BEFORE THE HONORABLE JOAN B. GOTTSCHALL

11   APPEARANCES:

12   For the Plaintiff:       JACOB, BURNS, ORLOVE, STANTON &
                              HERNANDEZ
13                            122 South Michigan Avenue
                              Chicago, Illinois  60603
14                            BY:  MR. MARK GARRETT HOHIMER

15
     For the Defendant:       DeANO & SCARRY, LLC
16                            53 West Jackson Boulevard
                              Chicago, Illinois  60604
17                            BY:  MR. PATRICK FRASOR MORAN

18

19

20

21
                     COLETTE M. KUEMMETH, CSR, RMR
22                        Official Court Reporter
                        219 South Dearborn Street
23                             Room 2328A
                         Chicago, Illinois  60604
24                          (312)554-8931

25
```

```
 1        (Proceedings heard in open court:)
 2        THE CLERK:  Case No. 10.  07 C 4750, Chicago Truck
 3   Drivers' Pension Fund versus D.M.S. Trucking.
 4        MR. HOHIMER:  Good morning, your Honor.  Garrett
 5   Hohimer on behalf of the pension fund.
 6        MR. MORAN:  Patrick Moran on behalf of D.M.S.
 7   Trucking.
 8        THE COURT:  What's happening?
 9        MR. MORAN:  Judge, I just actually informed counsel
10   to say I just finally resolved this with my client.  My
11   client is not going to -- well, she's going to roll over and
12   play dead.  This is a sole proprietorship where the
13   proprietor has died.  The widow is managing the companies.
14   We're going to accept either default or uncontested judgment,
15   depending what the plaintiff would like, so we'll work that
16   out.
17        THE COURT:  When do you want to come back?
18        MR. MORAN:  It will be a joint motion, so we'll
19   notice it up together whenever that may be.  I expect
20   probably -- we'll probably come back after the first of the
21   year.
22        MR. HOHIMER:  Right.  Early January.
23        THE COURT:  I'll set a status for mid to late
24   January.  Don't bring it on the status date, come before the
25   status date.
```

3

1    THE CLERK: January 16, 9:30.

2    MR. HOHIMER: Thank you.

3    MR. MORAN: Thank you, your Honor.

4    (End of proceedings.)

5                C E R T I F I C A T E

6

7    I certify that the foregoing is a correct transcript

8    from the record of proceedings in the above-entitled case on

9    December 5, 2007.

10

11

12

13   _____
     Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit B

```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   CHICAGO TRUCK DRIVERS,         )
     HELPERS, AND WAREHOUSE         ) Docket No. 07 C 4750
 4   UNION, et al.,                 )
                                    ) Chicago, Illinois
 5              Plaintiffs,         ) January 8, 2008
                                    ) 2:45 p.m.
 6        v                         )
                                    )
 7   D.M.S. TRUCKING, INC.,         )
                                    )
 8              Defendant           )

 9
                       TRANSCRIPT OF PROCEEDINGS
10             BEFORE THE HONORABLE ROBERT M. DOW, JR.

11
     PRESENT:
12
     For the Plaintiff:       MARK G. HOHIMER
13                            Jacob, Burns, Orlove Stanton
                                & Hernandez
14                            122 South Michigan Avenue
                              Chicago, Illinois 60603
15

16   For the Defendant:       CHRISTOPHER P. LYONS
                              Peter & Lyons, Ltd.
17                            7035 Veterans Boulevard
                              Suite B
18                            Burr Ridge, Illinois 60527

19

20

21

22

23   Court Reporter:          Lois A. LaCorte
                              219 South Dearborn  Room 1918
24                            Chicago, Illinois 60604
                              (312) 435-5558
25
```

2

```
 1        THE CLERK:  07 C 4750, Chicago Truck Drivers v D.M.S.
 2   Trucking.
 3        MR. HOHIMER:  Good afternoon, your Honor, Garrett
 4   Hohimer for Chicago Truck Drivers Union Funds, plaintiffs.
 5        MR. LYONS:  Good afternoon, Christopher Lyons on behalf
 6   of the defendant.
 7        THE COURT:  Good afternoon, counsel and are we still
 8   where we were when the status report was filed where you have had
 9   discussions and talking about uncontested judgment?
10        MR. LYONS:  We had I think a productive discussion just
11   out in the hall and basically, we're still where we are at in
12   terms of I don't think this case is going to be litigated much.
13   What we would like to do and what counsel has indicated he is
14   willing to do is if I can informally without running up a lot of
15   fees provide him with financial information that would satisfy
16   the trustees' due diligence obligations to find out if this
17   defendant is, as I said, a rock from which no blood can be
18   gained, perhaps we could dispose of it that way, but at bottom
19   it's either going to go away that way or we just don't have the
20   resources to put up that much of a fight.
21        So I guess I would like some additional time to try to
22   informally get that information to him and he can make a
23   recommendation with his people and then we can see where we go
24   from there and if that resolves it, fine.  If not, we will have
25   to fall on our sword in some capacity.
```

3

1  THE COURT: That sounds productive if counsel is
2  agreeable to that.
3  MR. HOHIMER: I think that's fine, your Honor. We are
4  hopeful that we will get the information fairly quickly, turn it
5  around on our end, and we will probably poke around a little bit
6  as far as seeing what assets are there, but we don't foresee any
7  reason to try to pierce the corporate veil or go after her
8  personally. It's a pretty sad story that his client has and it
9  appears legitimate.
10  The question at hand is whether she is going to consent
11  to a judgment or whether they're going to probably withdraw the
12  answer that's been filed at this point to allow it to go into
13  default. I have never handled anything like that --
14  THE COURT: Me either.
15  MR. HOHIMER: -- but I suppose that that's how it would
16  be procedurally accomplished if they went to default rather than
17  consent.
18  MR. LYONS: Well, I need to review the procedural
19  aspects and the ramifications of that. I mean, I guess partly
20  it's my hope that if we satisfy to the extent, the case might go
21  away without a judgment in any capacity.
22  MR. HOHIMER: We won't do that. We will have to go to
23  a judgment.
24  MR. LYONS: But in any event, we will know that sooner
25  than later.

1  THE COURT: I think it makes sense to let you all
2 informally without running up any substantial costs to go
3 ahead -- do you think 30, 45 or 60 for a status date? How long
4 do you think it will take?
5  MR. LYONS: I have taken over this case from an
6 attorney that left my office. I'll pick the middle just because
7 it's the middle. I think that's reasonable.
8  THE COURT: Let's set a status for 45 then, and if it
9 turns out you're not ready, you can come in and we will continue
10 it. That's not a big deal if you're close.
11  MR. HOHIMER: Very good. I appreciate that. If it
12 goes much beyond that, the funds will want to start to compel
13 discovery.
14  THE COURT: You will meet your ultimate day at that
15 point.
16  MR. LYONS: I understand that certainly.
17  THE COURT: If you can get there before without causing
18 either side to burn a lot of litigation, that's all the better so
19 I'm happy to let you do that.
20  MR. HOHIMER: Thank you, your Honor.
21  THE COURT: How do you feel about the first week of
22 March, is that okay?
23  MR. HOHIMER: That's fine with me.
24  THE COURT: Okay, let's do the first week of March then.
25  THE CLERK: March 6th, 9 a.m.

1  MR. LYONS: Very good, thank you.

2  THE COURT: Thank you. And if you're able to resolve
3  this before then, you can let me know in some fashion.

4  MR. HOHIMER: We will motion up either a consent
5  judgment or motion to compel.

6  THE COURT: If it turns out in 30 days you're set, go
7  ahead and motion that up and then we won't have to worry about
8  this in March.

9  MR. HOHIMER: Thank you, your Honor.

10  THE COURT: Very good, thank you.

11  *      *      *

12  I certify that the above is a true and correct
13  transcript of proceedings had in the above matter.

_____
Lois A. LaCorte

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE UNION (INDEPENDENT) PENSION FUND a Trust, and JACK STEWART, its Fund Manager and one of its Trustees, <br><br> Plaintiffs, <br><br> v. <br><br> D.M.S. TRUCKING INC., an Illinois Corporation, <br><br> Defendant. | No. 07 C 4750 <br><br> Judge Dow |

**NOTICE OF INTENTION NOT TO DEFEND
OR CONTEST POTENTIAL MOTION FOR DEFAULT JUDGMENT**

Defendant D.M.S. TRUCKING, INC. (DMS), hereby submits the following notice to counsel and the court:

Although it technically remains an "active" corporation in good standing with the State of Illinois, DMS ceased all active operations on or about June 1, 2006. It currently has only nominal assets, and has insufficient resources to litigate the instant action, let alone satisfy a potential judgment. Accordingly, although it has technically denied liability to the Plaintiff Funds in the various specific amounts claimed and continues to do so, it is unable, as a practical matter, to further defend itself against liability in this case.

Therefore, DMS hereby serves notice that it does not intend to further contest liability in this action. DMS further acknowledges that its inability to "otherwise defend" itself further in this proceeding renders it vulnerable to a default judgment against it

pursuant to Rule 55 of Fed. R. Civ. P., and hereby advises that it does not intend to contest or oppose any potential motion for default judgment.

However, DMS reserves all rights to participate (to the extent it is able to afford to do so) in any post-judgment proceedings, including, but not limited to, citations to discover assets, and to oppose and defend against any potential attempt by Plaintiffs to collect any judgment from Ms. Christine Szczupaj, DMS's current President and the widow of its former President and shareholder, or impose personal liability for same upon Ms. Szczupaj.

Respectfully Submitted,

/s/ Christopher P. Lyons
Christopher P. Lyons

Christopher P. Lyons
PETERS & LYONS, LTD.
7035 Veterans Blvd.
Burr Ridge, Illinois 60527
(630) 887-6902

# Exhibit D

### Garrett Hohimer

**From:** Chris Lyons [clyons@peterslyons.com]
**Sent:** Friday, February 29, 2008 8:35 AM
**To:** Garrett Hohimer
**Subject:** RE: DMS Response

Garrett--

I think the judge's order made the need for this moot. Next week's status has been cancelled, and I'm already on record with my "notice of intention not to defend." At this point, anything I do on this case would be adverse to my client in at least one of two ways: 1) it raises my fees and 2) gets judgment entered against them that much faster. You guys will have judgment in a matter of weeks, and while I'm resigned to having to allow that to happen, I am uncomfortable with "helping" you, by extending what I would ordinarily regard as a simple courtesy phone call to Ms. Kinney.

ps. congratulations on your engagement. I saw your picture and announcement in my local paper yesterday!

-----Original Message-----
**From:** Garrett Hohimer [mailto:GHohimer@jbosh.com]
**Sent:** Thursday, February 28, 2008 9:48 AM
**To:** Chris Lyons
**Subject:** DMS Response

Chris,

If you would please call Theresa Kinney, Judge Dow's Deputy, and let her know you do not intend to respond, she can amend the briefing schedule and we can hopefully avoid the wait and the additional status call next week.

Theresa Kinney
(312) 435-5668
Room: 1914

Best,

Garrett

M. Garrett Hohimer
Jacobs, Burns, Orlove, Stanton & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, IL 60603-6145
312.327.3461
312.580.7175 Fax

NOTICE: READ THIS STATEMENT BEFORE READING THE CONTENTS OF THIS COMMUNICATION.

This transmission is intended by the sender and proper recipient(s) to be confidential, and for the exclusive use of the proper recipient(s). This transmission may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not

3/27/2008

the intended recipient(s), you are notified that the dissemination, distribution or copying of this message and/or any attachments is strictly prohibited. If you receive this message in error, or are not the proper recipient(s), please notify the sender at either the e-mail address or telephone number ABOVE and delete this e-mail and destroy any and all copies of the e-mail and/or its attachments from your computer. Receipt by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.